You may proceed. Thank you. Good morning. May it please the Court. Jamie Johnson, Federal Defenders of San Diego, for Mr. Orozco. This case is entirely controlled by this Court's precedent holding that intent to interfere with ownership interests is an element of generic theft, the California Supreme Court precedent holding that interference with ownership interests is not an element of Penal Code 215, and this Court's precedent that individuals wrongly placed into administrative removal proceedings are thereby prejudiced. This Court should, therefore, reverse. The District Court in this case erred primarily by forming an independent judgment that because the language of Section 215 was very similar to the language of Penal Code Section 211, which is California robbery, that Section 215 was essentially a lesser included or a subset of California robbery. But we know that that is not true because the California Supreme Court has held that Section 215... Are you referring to Montoya now? Yes. Thank you. Because we know that the California Supreme Court in Montoya held that, quote, carjacking is a crime against the possessor or passengers of a vehicle. It is not, end quote, it is not a crime against ownership. On the other hand, People v. Tafunga, which is the California Supreme Court case dealing with Section 211, held that the felonious taking required... Quote, the felonious taking required for robbery under Section 211 is a taking accomplished with felonious intent that is the intent to steal. A state of mind that California courts for over 150 years have recognized is inconsistent with a good-faith belief that the specific property taken is one's own. The... Simply put, the mens rea for the offenses is not the same. It does not match up. These offenses aren't... Excuse me, Section 215 is not a categorical match for generic theft. Separately, this court has held in Valdivia Flores that when an individual is wrongly accused of being an aggravated felon and is placed into administrative removal proceedings based on that mistake, that the person is prejudiced and has satisfied all three prongs of Section 1326D. This is... The government in this case has pointed to no cases in which an individual has been convicted of a generic theft offense when the target property belongs to them. On the other hand, we have pointed to a number of cases in California where individuals have been convicted of violations of Section 215 when the subject property is their own property. This comes up sometimes in repossession dispute cases, sometimes in family familial dispute cases where you have a title owner who may not be in physical possession of the car and someone is trying to reclaim it on behalf of the title owner because there's a domestic dispute going on. So we think that this case is very clear. This court has previously held that statutes that do not require or that lack this intent to interfere with ownership interests are not generic theft offenses, that this element, the lack of this element, is dispositive with respect to whether the statute at issue is a generic theft offense. In Carillo-Jaime v. Holder, this court held that California law prohibiting owning or operating a chop shop in California was not a generic theft offense because it was possible for the property to end up at the chop shop with the owner's consent. And in United States v. Perez-Corona, this court held that an Arizona statute, a joyriding statute, that lacked this element of intent to interfere with ownership interests was not a generic theft offense. Counsel, what about opposing counsels who are going to argue Velazquez-Bosk, for example, Ninth Circuit case where we said that carjacking and Section 215 are substantially similar in all respects, all material respects? You know, we have some other Ninth Circuit authority that is problematic, right? Martinez-Hernandez? We disagree with that. I think in Velazquez-Bosk specifically, it said that they were similar in all material respects, but the issue in that case was not the ownership interest element of the offense. I believe it was the force element. And so we are not disputing that the force element of Section 215 and the force element of 211 are the same. So your response is that we shouldn't read too much into this comment? Are you... Is it your position that the quote from Velazquez-Bosk is dicta or that it went to a different element? I don't think that it's dicta. It says that they are the same in all material respects. Yes, it does. And the only materiality that was at issue in that case was the use of force. Okay. What about Martinez-Hernandez? Martinez-Hernandez similarly agrees that Section 211, or excuse me, that generic theft requires the intent to deprive the owner of the rights and benefits of ownership. It didn't address Section 215 at all. And reading it to address 215 requires this court to essentially ignore a California Supreme Court precedent and to perform an independent assessment of the elements, which is what the district court did. And under Johnson, this court... Are there any cases from the Intermediate Court of Appeals, the State Intermediate Court of Appeals, that have not applied Montoya in the way you suggest? We are not aware of any. Okay. Thank you. Okay. I'd like to reserve the rest of my time. Good morning. Your Honors, may it please the Court, Mark Rahe for the United States. In this case, Your Honor, the government's position is that for purposes of larceny and robbery, which have long been held to be generic theft offenses, ownership is treated synonymous with possession as a matter of law. That's set forth in the Corpus Juris Secundum site that we have. You see it in federal law. We cited the Chiaramonte case from the Second Circuit. Also, this Court's unpublished Lucas v. Holder cited United States v. Sellers, saying that we have often used possession and ownership interchangeably. California state law does the same, and so does Washington state law. And the reason I bring up all these things is because they are all consistent. There's a People v. Ritchie case from the state of Washington that says so as far as the owner, owner and possession are the same thing. And in Alvarado-Pineda, this Court held that was a generic theft offense. Don't they always say that California treats these as the same, given the hypothetical in Montoya? Well, two things. First of all, I'd go to the hypothetical as the Supreme Court said in Duaneus Alvarez, the hypothetical is a loan. The one they use is about somebody who wants to get a reward back. There is no case in California that the government is aware of that's actually held as much. But to the second point, I would say in 1928, People v. Kirsch, this is a case that we cited in our papers, and at page 602, it's a short quote, possession alone is against the wrongdoer. It's a sufficient interest to justify an allegation and proof of ownership in a prosecution for larceny. But how do you, I mean, it seems to me reading those cases, the context of what they're talking about at a minimum is a superior possessory interest. So do you have any cases saying that generic theft would include taking your own car back from someone who's possessing it? Right, well, and the thing about that, Your Honor, too, and I was rereading this, taking your car back, if, you know, to the extent California provides for a right of claim defense, it's very narrow. That's an affirmative defense. And under this Court's precedent, you only look to the elements. Affirmative defenses don't matter for purposes of the categorical approach. That's something that, you know, happens in a very rare handful of cases. I know my colleague on the other side, you know, talks about the repossession cases. Well, in each one of those, there was a superior possessory right in the repossession operator. I mean, that's why, you know, people are being found guilty to the extent that happens in a handful of cases. But that would be our primary response to Tufunga. All, you know, Tufunga held was that it is still an affirmative defense in California if you have a good faith belief that specific property is yours. But again, I would respond that, you know, and under this Court's precedent, you only look to the elements, and affirmative defenses aren't dispositive. Now, as far as the... Counsel, forgive me for interrupting, but I'm not sure that I understood your response. I'm not sure I got a response. Oh. To the question about what do we do about what the California Supreme Court says about California law in Montoya. Oh, okay. I was actually turning to that. I thought... Oh, forgive me. I thought you had... Okay. Because the first one was about Tufunga, and that's California Supreme Court. But Montoya, the government's answer is simply this. All Montoya held was that, what is it, joyriding under a separate section of the vehicle code is not a lesser-included offense of carjacking. And as we attempted to point out in our paper, in our briefing, that's an entirely separate statute. For purposes of the vehicle code, 10851 actually uses the word owner repeatedly, and California Vehicle Code 460 defines owner as somebody having title and all the incidents of ownership. That definition doesn't apply to the penal code, and so our response would be, well, then, you know, of course that's why Montoya came out the way it did. But what's interesting is, you have all this other decades of California state... But, counsel, can we... Before you go past this hypothetical, are you treating the hypothetical, which is talking about the difference between 215, you know, carjacking, not joyriding, are you treating this as dicta, or what do you want me to do with this hypothetical? You know, I would... Under Duane's, Alvarez, that's the United States Supreme Court case that says it's not enough just to have a hypothetical. I mean, California state courts, whenever you see their lesser-included offense cases, they love using hypotheticals, but... Well, yes, but we also look to the California state court to tell us what California law requires, so... Right, but, I mean, there is no case that's actually applied to that, and, you know, as I pointed out earlier, to the extent you believe you own property, you know, that's an affirmative defense that doesn't fall within the elements. I mean, you know, you have cases that have been going on, you know, for years, again, where it's never held to be inconsistent with Montoya. Montoya, I don't see this... You know, for all the cases that the government cites from California, you know, courts, where they say, you know, owner and possessory are synonymous for purposes of larceny and robbery, they're not... You know, no California court has ever held that that conflicts with Montoya. Counsel, is my understanding correct  that the carjacking was not a crime of violence? Yes, because, you know, it used to be under Nieves, Medrano, but then once the California Supreme Court came out and said that it could be, you know, in a rare case, accidental use of force, to that, that avenue was lost. But, you know, Martinez-Hernandez, I mean, another point, you know, that we're trying to make is that that was the same about robbery. Robbery used to be considered a force clause, you know, that it complied. Along came Dixon, this court said, no good, but then in Martinez-Hernandez, this court held, well, guess what? Even if it's not a generic crime of violence, it is a generic theft offense. You know, one of the themes that we're trying to push to is that... If it were to hold that it was not a generic theft offense, how would carjacking as a crime fit into the removal statute, if at all? I don't think at all, then, you know, because those were the two big ones, the crime of violence and theft offense, so this is the last remaining pillar that I'm aware of. You know, but again, I mean, to the extent that robbery, you know... But maybe that's the right result. Maybe carjacking doesn't rise to the level of being a removable offense. Well, I would, you know, the government would disagree because this court has already held that robbery, 211, in Martinez-Hernandez is a removable theft offense, and our position is that there, to the extent there are any distinctions, I know Judge Christin brought it up, you know, the only difference is that carjacking is limited to a car, robbery extends to all other kinds of property, robbery requires an intent to permanently deprive, whereas the carjacking doesn't, but that doesn't matter under the statute. In Martinez-Hernandez, this court, we relied on California cases saying robbery required intent to steal, I believe, and then said the generic theft offense requires intent to steal, and that is why there is a categorical match. Is your position that carjacking does require intent to steal, notwithstanding Montoya? Well, I've always thought intent to steal equates with intent to permanently deprive, but if the generic definition that was set forth in Corona Sanchez says it can be either intent to permanently deprive or temporarily, then I don't think that should be a holdup. That's how the government... and that there is the intent to steal requirement, isn't a required element of carjacking? Correct, Your Honor. Okay, so you agree intent to steal is a required element of generic theft? Yes. Okay, and then, so your position is that element, intent to steal, is in the California carjacking, notwithstanding Montoya's saying it's not a crime against ownership? Correct, and again, that's because in Montoya, they're looking at a different statute, the Vehicle Code. The Vehicle Code, you know, for purposes of the Penal Code, California legislature didn't make a narrow definition of owner. In Section 460 of the Vehicle Code, they did. If the statute expressly states it has to be an owner, you know, with the intent to deprive the owner, and if the Vehicle Code goes further and defines owner as being somebody with title, well, that's a way to harmonize the case. California Penal Code 215 doesn't have that. And if there's no substantial distinction, you know, and again, it's not just, you know, 211 was Martinez-Hernandez, Alvarado-Pineda was Washington state law. We cite, you know, cases in our briefing that all of these courts have held that in this context, possession is equivalent to ownership. Could you back up and just tell me quickly why it's conceded in this case? I appreciate that. Could you just run through quickly why the government takes the position or took the position earlier in this case that this carjacking is not a crime of violence? Yes, because I believe it was Nieves, you know, this was 2012. At the time of this notice of appear, Nieves-Madrona was still good law, and it held that carjacking, you know, meets the force clause. And then subsequent to that, the California State Court, I believe the case was called Dixon, said that, oh, it can be accidental. And so, you know, if you look it up, if you follow, yeah, that's basically the idea. You know, it's one of those things. I mean, at the time, the agency acted under the law that was in effect, but we know from Martinez-Hernandez that on collateral review, as long as you have the right conviction alleged, as long as it fills any other subsection, it's okay. But, yeah. Thank you. You know, and one thing, maybe in my last 10 seconds, to the extent that we're saying there's no substantial difference of distinction between carjacking and robbery, it's not just Velazquez-Bosque. We cited the California Supreme Court case of Lopez. And, again, those three things, none of them matter under the generic definition. All right. Thank you very much, counsel. Ms. Johnson. First, I'd like to respond to the government's contention that a claim of right is a defense to robberies, an affirmative defense. That is not true. The People v. Butler, which we cited, says a specific intent to steal, i.e., an intent to deprive an owner permanently of his property, is an essential element of California robbery. It's not an affirmative defense, and this is verified by the jury instructions. The very first jury instruction is that the jury must find, to find a defendant guilty of 211, is the defendant took property that was not his or her own. So the government must show that the target property did not belong to the defendant. It is not something that is the defendant's burden to prove. With respect to the government's characterization of Montoya and its contention that an intent to steal is an element of carjacking, Montoya disagrees with that, even apart from the hypothetical that the government thinks this court should disregard. Montoya says, quote, carjacking is a crime against the possessor or passengers in a vehicle. End quote. The other statute that was under consideration in that case is a, quote, crime against ownership. Carjacking is simply not a property crime. It's a crime against a person. Property crimes require, have a specific intent to steal. It's an intent to appropriate property that doesn't belong to you. We haven't relied solely on these repossession cases, even though California law is clear that even when your car is being repossessed, you still maintain an ownership interest in it. You can reclaim the car if you follow certain procedures. We have also relied on the case where the title-holding spouse was not the one driving the car, and a relative of his took the car away from the spouse that was not the title-holding spouse that was in possession, and that person was convicted of carjacking. And that person had no intent to steal. The intent in that case was to return the car to the rightful title holder. The government has simply put forth no cases, as Judge Sung pointed out, in which anyone has ever been found to be convicted of robbery or larceny or generic theft or an offense qualifying as a generic theft offense when the subject property belongs to them. So if we were to find that Section 215 is broader than generic theft, did Orozco suffer prejudice? He did. Under Valdivia Flores, an individual who is wrongfully placed into administrative removal proceedings suffers prejudice thereby. The only allegation alleged against him in these administrative removal proceedings was that he was an aggravated felon. Had he been provided with an opportunity to contest that, which he was not for various reasons, the notice would have had to have been dismissed. He could not have been removed in those proceedings. And Valdivia Flores holds that that is prejudicial, that he suffered actual prejudice. We have more recent cases, as you know, where members of our court have suggested that that may have been an accidental holding because it certainly wasn't discussed at all in Valdivia. What should we do about that? We agree that the holding didn't discuss it, but it was, in fact, briefed in Valdivia. The appellant briefed it. The government chose not to respond. The government has had opportunities since then, as Your Honor points out, to ask the court to sit en banc to revisit the holding, and it has declined to do so. So if the government would like to ask this court to review that decision en banc, it certainly has the ability to do so. But this court has continued to cite, as Your Honor is aware, has continued to cite that holding as precedential, as recently as last year in United States v. Mangus. Okay. If Your Honors have no further questions, we will submit. Thank you. Thank you, counsel. U.S. v. Orozco is submitted.
judges: WARDLAW, CHRISTEN, SUNG